UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SAHYOUN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>Defendant. | No. 2:18-cv-576-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 16 & 24. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. Background

Plaintiff filed an application for a period of disability and DIB, alleging that he had been disabled since April 27, 2014.[1] Administrative Record ("AR") at 178-84. His application was denied initially and upon reconsideration. *Id.* at 111-15, 119-23. A hearing was subsequently

---

[1] Plaintiff subsequently amended the disability onset date to December 2, 2011. AR 54, 247.

1

held before administrative law judge ("ALJ") Sheila Walters. *Id.* at 39-79. Plaintiff was represented by counsel at the hearing, at which plaintiff and a vocational expert testified. *Id*

On December 2, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[2] *Id*. at 20-33. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since December 2, 2011, the alleged onset date (20 CFR 404.1571 *et seq*.).

/////

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease, sleep apnea, diabetes, obesity, depression, anxiety, schizoaffective disorder, narcissistic personality with borderline and avoidant traits, and schizoid and paranoid personality disorder (20 CFR 404.1520(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant should avoid concentrated exposure to fumes, odors, dusts, smoke, gases, poor ventilation and so forth. The claimant should avoid concentrated exposure to extreme cold, extreme heat, and humidity. The claimant is precluded from climbing ladders, ropes, or scaffolds, and from working around unprotected heights and dangerous machinery. The claimant is able to perform simple, repetitive tasks, with no more than occasional interactions with supervisors, coworkers, and the public.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born [in] 1959 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant was not under a disability, as defined in the Social Security Act, from December 2, 2011, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 22-32.

Plaintiff's request for Appeals Council review was denied on January 16, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. Analysis

Plaintiff argues that the ALJ committed three errors. First, plaintiff argues the ALJ erred in rejecting portions of an opinion rendered by an examining physician without explanation. Second, he argues the ALJ failed to provide clear and convincing reasons for rejecting his subjective complaints. Third, he argues the ALJ erred by rejecting lay witness testimony without sufficient explanation. As explained below, the ALJ failed to properly assess the opinion of plaintiff's examining physician and remands the case on that basis. Because remand is required on that basis, the court does not address plaintiff's remaining arguments.

Plaintiff underwent a comprehensive mental status evaluation, which was conducted by Dr. Randy Kolin, Psy.D. AR 358-62. Based on the evaluation, Dr. Kolin opined that plaintiff was not significantly limited in performing one or two step simple repetitive tasks, but he was moderately impaired in performing complex tasks, accepting instructions from supervisors, interacting with the public, performing basis work activities on a consistent basis without the need for special or additional instructions, maintaining regular attendance, completing a normal workday or workweek without interruption from a psychiatric condition, and handling normal work-related stress. *Id.* at 361-62.

In formulating plaintiff's residual functional capacity ("RFC"), the ALJ accorded Dr. Kolin's opinion considerable weight. *Id.* at 30. Plaintiff argues that despite giving the opinion great weight, the ALJ's RFC determination omitted significant limitations Dr. Kolin assessed. Specifically, he argues that the ALJ rejected, without explanation, Dr. Kolin's opinion that plaintiff is moderately impaired in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress. ECF No. 16 at 13-15.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them. *See, e.g., Martin v. Comm'r of Social Security Administration*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Neufeld v. Berryhill*, 2018 WL 4739699 *6, (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them.").

In this case, that ALJ determined that plaintiff maintained the RFC to "perform simple, repetitive tasks, with no more than occasional interaction with supervisors, coworkers, and the

public." AR 26. As observed by plaintiff, this RFC does not reflect limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress, which were all assessed by Dr. Kolin.

The Commissioner, relying on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), argues that the ALJ's RFC determination adequately captured Dr. Kolin's opinion. ECF No. 24 at 14-15. In *Stubbs-Danielson*, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, and pace where the assessment is consistent with restrictions identified in the medical testimony." *Id*. at 1174. The medical testimony relied upon by the ALJ in *Stubbs-Danielson* found that the plaintiff retained the ability to perform simple tasks notwithstanding some evidence that the plaintiff had deficiencies in pace. *Id*.

Here, Dr. Kolin did not opine that plaintiff could sustain work involving simple, repetitive tasks despite his moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress. Furthermore, courts have regularly held that an ALJ is required to either explicitly reject or include in the RFC the same moderate limitations Dr. Kolin assessed in this case. *See, e.g., Morinskey v. Astrue*, 458 F. App'x 640, 641 (9th Cir. 2011) (finding ALJ erred by giving great weight to examining consultant's opinion that the plaintiff was moderately impaired in the ability to maintain regular attendance, sustain an ordinary routine, and complete a normal work day or workweek without interruption, but failing to provide an explanation for why these limitations were not included in RFC); *Bain v. Astrue*, 319 F. App'x 543, 545-46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite crediting psychologist's opinion); *Calisti v. Colvin*, 2015 WL 7428724, at * 7 (E.D. Cal. Nov. 23, 2015) (holding RFC including limitations for simple, repetitive work did not adequately capture moderate limitations in completing a normal workday without interruptions from psychiatric condition and dealing with stress). Because the ALJ failed

/////

to provide any explanation for why she rejected the moderate limitations assessed by Dr. Kolin, her RFC determination is not supported by substantial evidence.

Accordingly, the matter must be remanded for proper consideration of the medical evidence. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. Conclusion

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;
2. The Commissioner's cross-motion for summary judgment is denied;
3. The matter is remanded for further proceedings consistent with this order; and
4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 27, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE