1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VICTOR J. SAHYOUN,                              No.  2:18-cv-0576-EFB

12               Plaintiff,

13        v.                                         ORDER

14   KILOLO KIJAKAZI, Commissioner of
     Social Security,
15
                 Defendant.
16

17

18        Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19   award of attorney fees in the amount of $28,000.  ECF No. 31.  Plaintiff was awarded past due

20   benefits, and he has previously entered into a retainer agreement with his attorneys which

21   provides that he would pay counsel 25 percent of any past-due benefits won as a result of the

22   appeal in this case.  ECF No. 31-4.  The amount requested is slightly less than 25% of the past

23   due benefits awarded to plaintiff.  ECF Nos. 31, 31-3 (plaintiff was awarded a total of $120,525

24   from which the Social Security Administration withheld $30,016.88 for attorney fees[1]).

25   _____

26        [1] Counsel has not provided a copy of the Notice of Award because the Social Security
     Administration has yet to provide one to counsel.  ECF No. 31-3.  However, counsel's paralegal
27   declares that an Administration representative informed her over the phone on October 29, 2021
     that $90,508.12 had been paid to Mr. Sahyoun and $30,016.88 withheld for attorney fees.  *Id.*
28   The Commissioner has not filed a response to the motion for attorney fees.

                                              1

1  Plaintiff's attorney spent 20.4 hours litigating the case, and his paralegal spent 2.3 hours on the

2  case. ECF No. 31-5.

3     42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

4        Whenever a court renders a judgment favorable to a claimant under
         this subchapter who was represented before the court by an attorney,
5        the court may determine and allow as part of its judgment a
         reasonable fee for such representation, not in excess of 25 percent of
6        the total of the past-due benefits to which the claimant is entitled by
         reason of such judgment.
7

8     Rather than being paid by the government, fees under the Social Security Act are awarded

9  out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991),

10 *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991).

11 However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

12 must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09

13 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

14 ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

15 agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must

16 show that the fee sought is reasonable for the services rendered." *Id.* at 807. A "court may

17 properly reduce the fee for substandard performance, delay, or benefits that are not in proportion

18 to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en

19 banc).

20    After this court remanded for further proceedings, plaintiff was found disabled and

21 awarded past-due benefits. ECF No. 31-2. The Commissioner withheld from that award

22 $30,016.88, which represented 25 percent of the award, for attorney fees. *Id.* $28,000, the

23 amount requested by counsel here, represents an hourly rate of $1,372.54 if only counsel's hours

24 are considered, or of $1,233.48 for both attorney and paralegal hours. Counsel did not delay

25 these proceedings, and their representation of plaintiff was not substandard. Indeed, they

26 successfully represented their client's interests before this court. Based on the risk of loss taken

27 in representing plaintiff, counsel's experience in the field of Social Security law, and the results

28 achieved in this case, the court finds that fee request is reasonable. *See De Vivo v. Berryhill*, No.

2

1  1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective

2  hourly range of  $1,116.26); *Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096

3  (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49 reasonable); *Naddour v.*

4  *Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at

5  effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL

6  2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed well, diligently, and

7  with unusual efficiency," and awarding fee at hourly rate of $2,100).

8          Counsel acknowledges that the award must be offset by the fees previously awarded under

9  the Equal Access to Justice Act ("EAJA").  ECF No. 31.  Accordingly, the court will include in

10 its ruling an order directing him to refund the EAJA fees previously awarded – $4,200.00 – to

11 plaintiff.  ECF No. 31.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where

12 attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller

13 of the two awards to the plaintiff).

14         Accordingly, it is hereby ORDERED that:

15         1.  The court finds the motion suitable for determination on the pleadings, and therefore

16 the hearing set for December 29, 2021 is vacated.

17         2.  Plaintiff's counsel's motion for attorney's fees (ECF No. 31) is granted.

18         3.  Plaintiff's counsel is awarded a total of $28,000.00 in fees pursuant to 42 U.S.C.

19 § 406(b).

20         4.  Upon receipt of the $28,000 award, counsel shall refund to plaintiff the sum of

21 $4,200.00 previously awarded under the EAJA.

22 DATED:  December 22, 2021.

23

24                                          EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE
25

26

27

28

                                            3